SALA FALELUA., Appellant

v.

IMMIGRATION BOARD OF AMERICAN SAMOA., Appellee

High Court of American Samoa
Appellate Division

AP No. 024-85

March 11, 1986

Before GARDNER, Chief Justice, Presiding, KING,* Acting Associate
Justice, HEEN,** Acting Associate Justice, VAIVAO, Associate
Judge, and AFUOLA, Associate Judge.

Counsel:   For the Appellants, John Ward
           For the Appellee, Donald Greismann, Assistant Attorney
           General

        Petitioner was served with an O.S.C. why he should not be
deported pursuant to:

        A.S.C.A. Section 41.0615 .(11) - Polygamists are excludable
and subject to deportation.

        A.S.C.A. Section 41.0615 (10) - Same for person convicted of
crime involving moral turpitude.

        A.S.C.A. Section 41.0615 (22) - Same for anyone violating
provision of immigration law or regulation of broad.

        A.S.C.A. Section 41.0616 (1) - Deportable alien is one who
was excludable at time of entry.

        In essence he was charged with being a polygamist and making
false statements to A.S.G. as to his marriage to two women.
(This latter charge does not appear to be a ground for
deportation and has been abandoned by the attorney general.)

        As usual the transcript of proceedings before the board is
incomprehensible but the parties seem to agree that the following
transpired:

        Petitioner is a Western Samoan.   When he came to American
Samoa is not clear.   In 1978 he married Koreti.   In 1984 he
married Fautino without divorcing Koreti.   He stated in an

affidavit for his marriage license for Fautino that he was not presently married and "I was never married."

He then went to attorney Ybarra and secured a divorce from Fautino then divorced Koreti, then re-married Fautino. (Petitioner's present counsel charitably observes that the methods selected by petitioner's former counsel to correct petitioner's marital status appear "less than acceptable".)

The Board's position is clear. It says, "The only basis for the immigration board's decision was that Sala had two wives at the same time in violation of A.S.C.A. section 41.0615 (11). Sala is deportable. He was a polygamist from September 19, 1984 until November 29, 1984."

The trouble with the board's position is that it has not read sections 41.0615 and 41.0616 very carefully. Whether or not petitioner committed polygamy when he married a woman without securing a divorce from a prior wife becomes somewhat academic.

Section 41.0615 is entitled "Excludable persons" and says "Except as otherwise provided in this title, the following classes of persons, not permanent residents, are excluded from admission into American Samoa and are subject to deportation." Included in the list are polygamists. (Subsection 11.)

Section 41.0616 entitled "General classes of deportable aliens" and says "Any aliens in American Samoa...shall, upon the order of the attorney general be deported, who: (1) At the time of entry was within one or more of the classes of persons excludable by the law existing at the time of such entry."

Clearly at the time of entry, petitioner was not a polygamist nor a bigamist, whatever category he earned by his subsequent marital entanglements. The board construes the language "and are subject to deportation" in section 41.0615 to mean that any time an alien attains a forbidden status under that section he is deportable. If an alien acquires a contagious disease--the flu or a common cold, both highly contagious --- is he deportable? Certainly, under that section he can be excluded, but deported if he becomes ill after arrival?

We doubt it. What about being a stowaway? Grounds for deportation if he stows away after entry?

Section 41.0615 applies to aliens being admitted to the Territory. Section 41.0011 pertains to actions on the part of aliens after entry which are a basis for deportation, i.e. commission of crime, becoming a narcotic addict, a prostitute or pimp, possession of a weapon, etc.

The distinction between the two sections is dramatized by the handling of those with mental disorders. An insane person is excludable per se. (41.0615 (2).) After entry there is an

99

entirely new procedure for such unfortunates. If one becomes insane and is institutionalized at public expense, he becomes deportable unless he can show the defect did not exist prior to entry, (41.0616 (3).) The handling of crimes in the two sections is informative. Under 41.0615 one is excludable if one admits committing a crime involving moral turpitude. Under 41.0616 one may be deported only if convicted of such a crime and sentenced to an institution.

There is a valid legislative distinction between excludable aliens and aliens who may be deported after entry. The words "and are subject to deportation" do not convert all the excludable conditions which may arise after entry of 41.0615 into deportable classes under 41.0616. All those under 41.0615 may be denied admission but if they get in may be deported if the status existed at the time of entry.

As petitioner says, section 41.0615 is prophylactic, section 41.0616 is remedial.

Under the facts in this case and the applicable law, petitioner may not be deported. He was not a polygamist when he entered American Samoa.

Order of deportation set aside.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting pro tem by order of Chief Justice Gardner.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting pro tem by order of Chief Justice Gardner.